# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ROBERT BUTT,

    Petitioner,

    -vs-

ROBIN KNAB, Warden,
Chillicothe Correctional Institution,

    Respondent.

Case No. 3:09-cv-395

District Judge Thomas M. Rose
Magistrate Judge Michael R. Merz

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Respondent's Motion to Dismiss (Doc. No. 7).

Respondent argues that the Petition herein is a "mixed" petition in that it includes at least one claim on which Petitioner has not exhausted his available state court remedies, to wit, appeal to the Ohio Supreme Court from the final judgment of the Court of Appeals affirming dismissal of his petition for post-conviction relief on a claim of ineffective assistance of trial counsel.

A state prisoner seeking federal habeas corpus relief must first exhaust the remedies available to him in the state courts. 28 U.S.C. §2254(b) and (c); *Picard v. Connor*, 404 U.S. 270 (1971). In Ohio, this includes direct and delayed appeal to the Ohio Court of Appeals and the Ohio Supreme Court. *Mackey v. Koloski,* 413 F.2d 1019 (6th Cir. 1969); *Allen v. Perini,* 424 F.2d 134, 140 (6th Cir. 1970). It also includes the remedy of a petition for post-conviction relief under Ohio Revised Code §2953.21. *Manning v. Alexander*, 912 F.2d 878 (6th Cir. 1990). It also includes a post-sentence motion to withdraw a guilty plea under Ohio R. Crim. P., 32.1, which does not itself prescribe a time limitation. *State v. Bush*, 96 Ohio St. 3rd 235, 773 N.E. 2d 522, 2002-Ohio-3993

(2002). A habeas petition in federal district court containing claims which have not yet been exhausted must be dismissed. *Rose v. Lundy,* 455 U.S. 509 (1982); *Pilette v. Foltz,* 824 F.2d 494 (6th Cir. 1987). While the exhaustion doctrine is not jurisdictional and is thus waivable by the State, *Ex parte Royall*, 117 U.S. 241 (1886); *Granberry v. Greer*, 481 U.S. 129 (1987). 28 U.S.C. §2254(b)(3) as added by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214), provides "A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement." In the absence of exceptional or unusual circumstances, principles of comity and federalism require that unexhausted claims be decided in the first instance by the state courts even if the State does not raise the defense. *O'Guinn v. Dutton*, 88 F.3d 1409 (6th Cir. 1996)(per curiam)(en banc).

Thus the State has the right to insist on exhaustion. However, the exhaustion doctrine only applies if there is a state court remedy still available. In this case, the Return of Writ shows that the Court of Appeals finally affirmed dismissal of the Ohio Rev. Code § 2953.21 petition on November 13, 2009. Under Ohio Sup. Ct. R. Prac. II, § 2(A), a notice of appeal must be filed in the Ohio Supreme Court within forty-five days from the date of the judgment in the Court of Appeals. The timely filing "is mandatory, and the appellant's failure to file within this time period shall divest the Supreme Court of jurisdiction to hear the appeal." *Id.*

Forty-five days after November 13, 2009, is December 28, 2009. A check of the Ohio Supreme Court's website on December 30, 2009, the date the Motion to Dismiss was filed, shows that no appeal has been taken as of this date by Petitioner. Nor can any delayed appeal be filed. Ohio Sup. Ct. R. Prac. II, § 2(4)(c) provides: "The provision for delayed appeal applies to appeals on the merits and does not apply to appeals involving postconviction relief. . ."

Since the Ohio Supreme Court would lack jurisdiction over any appeal which Petitioner now attempted to file from the November 13, 2009, judgment, Petitioner no longer has that avenue of relief "available" to him. Since Petitioner has in fact exhausted all available state court remedies,

the Motion to Dismiss should be denied and Respondent required to answer further. Because the Motion is recommended to be denied, Petitioner need not respond to it, despite the Notice to that effect issued by the Court earlier this date.

December 30, 2009.

s/ **Michael R. Merz**
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).