# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ROBERT BUTT,

:

    Petitioner,

Case No. 3:09-cv-395

:

  -vs-

Magistrate Judge Michael R. Merz

ROBIN KNAB, Warden,
Chillicothe Correctional Institution,

:

    Respondent.

## DECISION AND ORDER ON RECONSIDERATION; STAY OF PROCEEDINGS

    This habeas corpus case is before the Court on Respondent's Motion for Reconsideration of the January 7, 2010, Decision and Order denying Respondent's Motion to Dismiss on grounds of lack of exhaustion (Doc. No. 11).

    Upon reexamining the Motion to Dismiss, the Court agrees with Respondent that Petitioner still has an available remedy for his claim of ineffective assistance of trial counsel for failure to pursue an alibi defense, to wit, appeal to the Ohio Supreme Court from the Court of Appeals affirmance of denial of his petition for post-conviction relief on this claim. Respondent's counsel is correct that the Court had incorrectly calculated the appeal date by adverting to the time to appeal from the denial of new trial. In fact, the appeal time has not yet run and will not run until February 8, 2010.

    Because Petitioner has not yet exhausted his available state court remedies, this Court may not adjudicate the claims in the Petition. Rather than dismiss the Petition and require re-filing after exhaustion, however, the Court believes the more prudent course is to stay these proceedings pending exhaustion. This course of action is authorized by relevant precedent. *Rhines v. Weber*, 544 U.S. 269 (2005); *Palmer v. Carlton*, 276 F. 3rd 377 (6th Cir. 2002), and *Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002).

The Court exercises its discretion to stay rather than dismiss these proceedings because:

1. The time needed to exhaust is probably short, since the Ohio Supreme Court accepts very few appeals in post-conviction cases and decides promptly on requests to appeal.
2. The case has already been assigned to a judge in this Court and the parties have unanimously consented to plenary magistrate judge jurisdiction. Keeping the case with its present assignment is conducive to judicial economy.

Accordingly, all further proceedings herein are stayed pending the outcome of Petitioner's appeal, if he takes one, to the Ohio Supreme Court. The parties shall advise this Court promptly of all filings in and decisions from the Ohio Supreme Court.

January 8, 2010.

s/ **Michael R. Merz**<br>United States Magistrate Judge